IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY O'KEEFE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV29 |
| | ) | |
| v. | ) | |
| | ) | |
| BEATRICE POLICE DEPARTMENT, ROBERT SOLDO, JAY MURPHY, NEBRASKA STATE POLICE, JEFFREY RUTAN, ROB SANDERSFELD, CITY OF BEATRICE, GAGE COUNTY, NEBRASKA, and STATE OF NEBRASKA, | ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on initial review of plaintiff Billy O'Keefe's Complaint. (Filing No. 1.) O'Keefe, an inmate at the Nebraska State Penitentiary, brings this 42 U.S.C. § 1983 action against various city, county, and state entities and officials as a result of an incident that occurred before Plaintiff was incarcerated. For the reasons that follow, the court finds Plaintiff's Complaint states plausible claims for relief, and this case may proceed to service of process.

## I. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](); [28 U.S.C. § 1915A(b)]().

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](), 550 U.S. 544, 569-70 (2007)*; *see also [Ashcroft v. Iqbal](), 556 U.S. 662, 678 (2009)* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *[Topchian v. JPMorgan Chase Bank, N.A.](), 760 F.3d 843, 848 (8th Cir. 2014)* (quoting *[Hopkins v. Saunders](), 199 F.3d 968, 973 (8th Cir. 1999)*). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *[Topchian, 760 F.3d at 849]()* (internal quotation marks and citations omitted).

Plaintiff brings his claims under [42 U.S.C. § 1983](). To state a claim under [42 U.S.C. § 1983](), a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *[West v. Atkins](), 487 U.S. 42, 48 (1988)*; *[Buckley v. Barlow](), 997 F.2d 494, 495 (8th Cir. 1993)*.

## II. DISCUSSION

Plaintiff alleges that Nebraska State Trooper Jeffrey Rutan pulled Plaintiff's vehicle over in Beatrice, Nebraska, at 1:00 a.m. on March 29, 2014, for failure to yield at an intersection. After Rutan administered physical sobriety and Breathalyzer tests

and determined that Plaintiff's blood alcohol level was over the legal limit and that his driver's license was invalid, Rutan arrested and handcuffed Plaintiff, placed him in Rutan's patrol car, and read him his *Miranda* rights. Rutan told Plaintiff he was going to take him to the hospital for a blood-alcohol test. Plaintiff told Rutan this was unnecessary because "I'm drunk . . . I'm guilty." Rutan then threatened to charge Plaintiff with refusing the blood test and, when Plaintiff objected, with threatening to fight with a police officer.

Rutan, Beatrice police officer Robert Soldo, and Robert Sandersfeld—who was a Beatrice Community Hospital security guard and deputy Gage County sheriff—escorted Plaintiff into the hospital, and they "repeatedly shoved Plaintiff into doors and walls with enough force that he would bounce back from the impact." (Filing No. [1 at CM/ECF p. 9](#).) After Rutan threatened him, Plaintiff repeatedly verbally consented to a blood draw. Because he had verbally consented, Plaintiff refused Rutan's instructions to sign a form regarding the blood test.

Without having his blood drawn, Plaintiff was escorted out of the hospital to Rutan's police car. While attempting to move Plaintiff's hands from the front of his body to behind his body, officers Rutan and Soldo "slammed Plaintiff violently into the trunk of the vehicle" and "slammed Plaintiff onto the ground." Soldo "grabbed Plaintiff by his hair and when on the ground, forced Plaintiff's face into the pavement in a grinding motion." (Filing No. [1 at CM/ECF p. 10](#).)

Sandersfeld and Beatrice Police Sergeant Jay Murphy witnessed Rutan's and Soldo's actions, but did nothing to intervene. During Soldo and Rutan's attempt to take Plaintiff back to the hospital for treatment, Plaintiff accidentally spit blood onto Rutan because he "could not properly control his mouth," resulting in an eventual criminal charge of assaulting an officer with bodily fluids. (*Id.*)

Plaintiff's examination at the hospital revealed that his jaw was broken in two places, requiring stitches, eventual surgery, and expensive prescription medication.

This injury left Plaintiff with a "large, disfiguring scar." Plaintiff later discovered that one of his teeth was also cracked, which required a crown. (Filing No. 1 at CM/ECF p. 11.) After Plaintiff was examined at the hospital on the date of the incident, the police released him and did not file criminal charges against him until two months later.

Plaintiff brings this 42 U.S.C. § 1983 action against the Beatrice Police Department and its officers Soldo and Murphy, the "Nebraska State Police" and its officer Rutan, Gage County and its deputy sheriff Sandersfeld, the City of Beatrice, and the State of Nebraska, requesting a declaratory judgment stating that the defendants' use of force against him was excessive, $1,739,420 in monetary damages, and punitive damages. Plaintiff sues the individual defendants in both their official and individual capacities.

Plaintiff makes the following claims:

(1)     The defendants used excessive force against Plaintiff, in violation of the Fourth Amendment, in the following particulars:

> (a) the individual defendants used excessive force in arresting Plaintiff and transporting him to the hospital; (b) the City of Beatrice Police Department tacitly authorized the excessive use of force by (i) failing to properly investigate prior excessive-force complaints against Officer Soldo and (ii) failing to train Officers Soldo and Murphy in proper escalation-of-force procedures; (c) the Nebraska State Police failed to train Officer Rutan in proper escalation-of-force procedures; and (d) Gage County failed to train Deputy Sheriff Sandersfeld in proper escalation-of-force procedures.

(2)     The "blood draw to which [Plaintiff] was forced to submit" was an unreasonable search and seizure, in violation of the Fourth Amendment.

(3) The individual defendants violated Nebraska's criminal assault statutes.

### A. Claims Against State Entities

Plaintiff's claims for monetary relief and for a declaration of past constitutional violations against the State of Nebraska, the "Nebraska State Police," and Officer Rutan in his official capacity are barred by Eleventh Amendment sovereign immunity. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars claims against state and its agencies for any kind of relief; Eleventh Amendment bars claims for money against state officials in their official capacities); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (section 1983 provides no cause of action against agents of the state acting in their official capacities; sovereign immunity bars claim against state-agency employees for monetary damages under federal act); *Jacobson v. Bruning*, No. 4:06-CV-3166, 2007 WL 1362638, at *2 (D. Neb. Apr. 24, 2007) ("a declaratory judgment establishing *past* liability of the State is . . . forbidden by the Eleventh Amendment" (italics in original) (citing *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 646 (2002))); *Hansen v. Vampola*, No. 4:07CV3074, 2007 WL 1362689, at *2 (D. Neb. Apr. 16, 2007) ("A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution." (bold in original)).

Therefore, Plaintiff's claims against defendants State of Nebraska, the "Nebraska State Police," and Officer Rutan in his official capacity are barred by Eleventh Amendment sovereign immunity and must be dismissed.

### B. Excessive Force

#### i. Individual Defendants

Plaintiff's section 1983 claims against defendants Rutan, Soldo, Murphy, and Sandersfeld in their individual capacities rest on the defendants' alleged violation of Plaintiff's Fourth Amendment right to be free from excessive force during the events of March 29, 2014. The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force. [Graham v. Connor, 490 U.S. 386, 394-95 (1989)](). "An excessive force claim is evaluated under the reasonableness standard of the Fourth Amendment." [Coker v. Arkansas State Police, 734 F.3d 838, 842 (8th Cir. 2013)]() (internal quotation and citation omitted).

To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized" within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." [Bishop v. Glazier, 723 F.3d 957, 961 (8th Cir. 2013)]() (internal quotation and citation omitted); [Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1209 (8th Cir. 2013)]().

To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," *or* the plaintiff's submission to the police officer's show of authority. A seizure must "restrain [] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." [Atkinson, 709 F.3d at 1208]() (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

6

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Plaintiff has sufficiently alleged Fourth Amendment excessive-force claims against officers Rutan and Soldo in their individual capacities, as they were the officers alleged to be directly involved in intentionally applying force to Plaintiff.

As to defendants Sandersfeld and Murphy, Plaintiff alleges that they failed to protect him from the unconstitutional infliction of force by officers Rutan and Soldo. "[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment" when "'(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.'" *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (quoting *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008)); *see also Farrington v. Smith*, 707 F.3d 963, 972 (8th Cir. 2013) (same); *Hicks v. Norwood*, 640 F.3d 839, 843 (8th Cir. 2011) (same); *Mortensbak v. Butler*, 102 F. Supp. 3d 1085, 1099 (D.S.D. 2015) ("an officer may be liable for failing to intervene to prevent another officer's use of excessive force against a subject, [but] such liability is contingent upon, among other things, the primary officer using excessive force in the first place").

Plaintiff specifically alleges that defendants Sandersfeld and Murphy were witnesses to Rutan and Soldo's use of force and "did nothing to intervene." (Filing

7

No. 1 at CM/ECF p. 15.) This is sufficient to allege a failure-to-protect claim. The court cautions Plaintiff that this is only a preliminary determination based solely on the allegations in the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### ii. City, County & Official-Capacity Defendants

Plaintiff alleges that the City of Beatrice and Gage County[1] tacitly authorized the excessive force used against him by failing to adequately investigate prior excessive-force claims against defendant Soldo and by failing to train officers in proper escalation-of-force procedures. Cities and counties will not be held liable for an improper investigation without evidence that the alleged investigatory failures "were the result of a lack of training, or a custom or practice." *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005).

Local governments may be liable under 42 U.S.C. § 1983 for inadequate training of their employees where "(1) the [city's or county's] . . . training practices [were] inadequate; (2) the [city or county] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the city or county]'; and (3) an alleged deficiency in the . . . training

---

[1] Plaintiff's claims against defendants Soldo, Murphy, and Sandersfeld in their official capacities are actually claims against the City of Beatrice and Gage County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

procedures actually caused the plaintiff's injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (internal quotation marks and citations omitted). A failure-to-train claim cannot succeed "without evidence the municipality '[r]eceived notice of a pattern of unconstitutional acts committed by [its employees].'" *Atkinson*, 709 F.3d at 1216-17 (quoting *Parrish*, 594 F.3d at 1002)).

Here, Plaintiff alleges that the City of Beatrice Police Department failed to properly investigate prior excessive-force complaints against Officer Soldo; the City of Beatrice failed to train Officers Soldo and Murphy in proper escalation-of-force procedures; and Gage County failed to train Deputy Sheriff Sandersfeld in proper escalation-of-force procedures.[2] Again using the liberal construction afforded to pro se litigants' pleadings, the court concludes that Plaintiff alleges a plausible claim against the City of Beatrice and Gage County for inadequate training of its employees regarding the use of force. However, the City of Beatrice Police Department shall be dismissed as a defendant because it is not a suable entity. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("The West Memphis Police Department . . . and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government."); *Capers v. Sarette*, No. 13-CV-1041, 2013 WL 3716644, at *4 (D. Minn. July 12, 2013) (plaintiff failed to state actionable § 1983 claim against defendant City of Saint Paul Police Department because it was "not a cognizable legal entity that has the capacity to be sued").

---

[2] Plaintiff should note that if defendants Soldo, Murphy, and Sandersfeld in their individual capacities are not found liable on Plaintiff's underlying substantive Fourth Amendment claim, the City and County cannot be held liable on a failure-to-train theory. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

9

### C. Blood Draw

Article III of the United States Constitution requires a litigant's "'injury [to] be concrete, particularized, and actual or imminent'" in order to have "standing" to bring a claim. Without standing, the court has no subject matter jurisdiction over the suit. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)); *see also Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013). To prove injury in fact, a petitioner must show that he is "himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

Here, Plaintiff alleges that the "blood draw to which he was forced to submit" was an unreasonable search and seizure, in violation of the Fourth Amendment. However, Plaintiff's Complaint specifically states that he was escorted out of the hospital "without having his blood drawn." (Filing No. 1 at CM/ECF p. 9.) Because Plaintiff has not alleged that he is "among the injured"—that is, his blood was not actually drawn—this claim must be dismissed for lack of standing. *See Lujan*, 504 U.S. at 563.

### D. Violation of State Criminal Assault Statutes

To the extent Plaintiff attempts to bring an independent section 1983 claim on the basis that the individual defendants violated state criminal-assault statutes, Neb. Rev. Stat. § 28-308 to -310, such claim must be dismissed. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) ("'[a]lleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983.'") (quoting *Whisman v. Rinehart*, 119 F.3d 1303, 1312 (8th Cir. 1997)).

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims against the State of Nebraska, the "Nebraska State Police," and Officer Rutan in his official capacity are dismissed from this suit as barred by Eleventh Amendment sovereign immunity.

2. Plaintiff's Fourth Amendment claim that subjecting an arrestee to a blood-alcohol test via blood draw constitutes an unreasonable search and seizure is dismissed for Plaintiff's lack of standing.

3. Plaintiff's [42 U.S.C. § 1983](42 U.S.C. § 1983) claim asserted on the basis that some or all of the individual defendants violated Nebraska criminal-assault statutes during the incident at issue is dismissed for failure to state a claim.

4. Defendant City of Beatrice Police Department is dismissed as a defendant because it is not a suable entity under [42 U.S.C. § 1983](42 U.S.C. § 1983).

5. Plaintiff's claims against defendants Soldo, Murphy, and Sandersfeld in their official capacities are dismissed as duplicative of claims asserted against the municipalities they serve—that is, the City of Beatrice and Gage County.

6. Plaintiff shall not be granted leave to amend his Complaint to assert the above dismissed claims, as such amendment would be futile.

7. This matter may proceed to service of process as to Plaintiff's [42 U.S.C. § 1983](42 U.S.C. § 1983) claims based on the Fourth and Fourteenth Amendments as follows: (a) excessive-force claims against defendants Rutan and Soldo in their individual capacities; (b) claims against defendants Sandersfeld and Murphy in their individual capacities for failure to prevent the use of such force; and (c) claims against the City of Beatrice and Gage County for inadequate training of its defendant employees related to the use of force. However, at this time, the court makes no finding with

respect to its jurisdiction over these claims or whether they state a claim on which relief may be granted.

8.  The clerk of the court is directed to send to Plaintiff a copy of the Complaint, a copy of this Memorandum and Order, 6 summons forms, and 6 USM 285 Forms for service on defendants Robert Soldo, Jay Murphy, Jeffrey Rutan, and Rob Sandersfeld in their individual capacities; the City of Beatrice, Nebraska; and Gage County, Nebraska. (See attached Notice Regarding Service.)

9.  [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (*See* this court's General Order No. 2015-06.)

10.  If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendants, together with a copy of the Complaint.

11.  The clerk of the court is directed to set the following pro se case management deadline: September 13, 2016: check for completion of service of process.

DATED this 11th day of May, 2016.

BY THE COURT:  
*Richard G. Kopf*  
Senior United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state or local government (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the chief executive officer for the City of Beatrice, Nebraska, and Gage County, Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.