IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY O'KEEFE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV29 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT SOLDO, JAY MURPHY, | ) | **MEMORANDUM** |
| JEFFREY RUTAN, ROB | ) | **AND ORDER** |
| SANDERSFELD, in their individual | ) | |
| capacities, CITY OF BEATRICE, | ) | |
| NEBRASKA, and GAGE COUNTY, | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed a Motion for Leave to Amend Complaint (Filing No. 11) due to a sentence that was inadvertently omitted from his original Complaint when it was being typed from a handwritten draft. Specifically, Plaintiff's original Complaint did not allege that Plaintiff had been forced to submit to a blood draw, causing the court to dismiss, for lack of standing, his Fourth Amendment claim that subjecting an arrestee to a blood-alcohol test via blood draw constitutes an unreasonable search and seizure. (Filing No. 10 at CM/ECF pp. 10-11.)

Plaintiff now moves to file a First Supplemental Amended Complaint (Filing No. 12) to allege that Plaintiff *was* subject to a blood draw for the purpose of testing his blood-alcohol content, and that this test "was unnecessary, unreasonable, and conducted against Plaintiff's will, though he gave verbal consent due to threats of criminal charges, strengthened by the recent actual physical assault." (Filing No. 12 at CM/ECF p. 1.)

Because granting Plaintiff's motion to amend as to this claim is no longer "futile," as I previously decided (Filing No. 10 at CM/ECF p. 10 ¶ 6), I shall grant

Plaintiff's motion and allow him to file his First Supplemental Amended Complaint (Filing No. 12). *See Wall v. Stanek*, 794 F.3d 890 (8th Cir. 2015), *petition for cert. filed* (No. 15-518), 84 U.S.L.W. 3240 (Oct. 19, 2015) (in § 1983 action against county for having policy or practice of conducting warrantless, nonconsensual blood-alcohol tests in violation of Fourth Amendment, court concluded that blood draw was a "search" which implicated privacy interests, but blood draw was reasonable under circumstances presented).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Amend Complaint (Filing No. 11) is granted;

2. Plaintiff's First Supplemental Amended Complaint (Filing No. 12) is accepted as supplemental to Plaintiff's original Complaint and is deemed filed;

3. Plaintiff's Fourth Amendment claim that subjecting an arrestee to a blood-alcohol test via blood draw constitutes an unreasonable search and seizure is reinstated as against defendant Jeffrey Rutan[1] in his individual capacity;

4. This matter may proceed to service of process as to Plaintiff's 42 U.S.C. § 1983 claims based on the Fourth and Fourteenth Amendments as follows: (a) excessive-force claims against defendants Rutan and Soldo in their individual capacities; (b) claims against defendants Sandersfeld and Murphy in their individual capacities for failure to prevent the use of such force; (c) claim against defendant

---

[1] The only defendant mentioned in Plaintiff's allegations related to the blood draw is Nebraska State Trooper Jeffrey Rutan. Therefore, I shall construe this claim to be asserted against Rutan only.

Jeffrey Rutan in his individual capacity that subjecting Plaintiff to a blood-alcohol test via blood draw constituted an unreasonable search and seizure; and (d) claims against the City of Beatrice and Gage County for inadequate training of its defendant employees related to the use of force. However, at this time, the court makes no finding with respect to its jurisdiction over these claims or whether they state a claim on which relief may be granted.

5.  The clerk of the court is directed to send to Plaintiff a copy of the Complaint (Filing No. [1](#)), the First Supplemental Amended Complaint (Filing No. [12](#)), a copy of the two Memoranda and Orders addressing Plaintiff's Complaints (Filing No. [10](#) & this Memorandum and Order), 6 summons forms, and 6 USM 285 Forms for service on defendants Robert Soldo, Jay Murphy, Jeffrey Rutan, and Rob Sandersfeld in their individual capacities; the City of Beatrice, Nebraska; and Gage County, Nebraska. (See attached Notice Regarding Service.)

6.  [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (See this court's General Order No. 2015-06.)

7.  If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendants, together with a copy of the Complaint and First Supplemental Amended Complaint.

8.  The clerk of the court is directed to set the following pro se case management deadline: **October 3, 2016:** check for completion of service of process.

The previously-set case management deadline of September 13, 2016, shall be terminated.

DATED this 1st day of June, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

## Notice Regarding Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a local government (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaints must be served on: (1) Defendants individually; and also (2) the chief executive officer for the City of Beatrice, Nebraska, and Gage County, Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.